IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00268-MR

| | |
|---|---|
| JOSHUAH L. BURR,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MACON COUNTY SHERIFF'S ) <br> DEPARTMENT, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7]

**I.  BACKGROUND**

On October 2, 2021,[2] the incarcerated Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983, addressing an incident that allegedly occurred

---

[1] According to the North Carolina Department of Public Safety's website, the Plaintiff's name is Joshua Burr. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method= view&offenderID=0640143&searchOffenderId=0640143&searchDOBRange=0&listurl=p agelistoffendersearchresults&listpage=1; Fed. R. Evid. 201. The Plaintiff now claims that NCDPS's spelling is incorrect. [Doc. 9 at 2]. However, the Plaintiff has spelled his first name "Joshua" in other cases previously filed in this Court. See Case Nos. 1:16-cv-00401-FDW, 1:17-cv-00076-FDW.

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying the prisoner mailbox rule to a § 1983 case).

at the Macon County Detention Center on December 12, 2016.[3] [Doc. 1]. The Plaintiff names as Defendants the Macon County Sheriff's Department and Robbie Holland.[4] [Id. at 2]. He asserts claims of "failure to protect, medical abuse" as follows:

> I was in an argument in dorm 2 of the Macon County Detention Center, when Karen a employee of the sheriff's office stepped in between me and [inmate] Kristopher Prince with tazer drawn and ordered me to leave the dorm and then allowed Mr. Prince to assault me from behind.

[Id. at 3, 5]. As injury, he states:

> My neck was broken and I was taken to Angel Medical Center in Macon County, then flown to Asheville Memorial Hospital where I received spinal fusions, physical therapy, chronic pain treatment, and have permanent spinal stenosis and chronic pain issues as well as limited mobility.

[Id. at 5]. The Plaintiff seeks a total of $13,600,000 in compensatory and punitive damages. [Id.].

On March 4, 2022, the Court ordered that the Plaintiff file a memorandum addressing the applicable statute of limitations. [Doc. 8]. The Plaintiff filed a Memorandum [Doc. 9] arguing that no statute of limitations applies because the injury resulted from an assault; that Mr. Prince is now deceased, making it impossible for the Plaintiff to seek relief from him

---

[3] The Plaintiff is presently incarcerated at the Alexander Correctional Institution.

[4] This appears to refer to Robert L. Holland, the sheriff of Macon County.

personally; that Plaintiff was paralyzed for "some time" and was unable to fill out the required forms; that he has been treated for "ongoing mental health problems" as a result of trauma from the incident; and that he previously filed a claim against the Sheriff's Department and Macon County Sheriff Department's medical staff, which was dismissed.[5]  [Id. at 1].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly

---

[5] The Court's records reveal that the Plaintiff has addressed the December 12, 2016 incident in two prior actions in this Court: Burr v. Macon County Sheriff's Office, et al., Case No. 1:16-cv-00401-FDW, which was filed on December 18, 2016 and was dismissed on initial review on January 12, 2017 for failure to state a claim upon which relief can be granted; and Burr v. Macon County Sheriff's Office, et al., Case No. 1:20-cv-00131-MR, which was filed on May 19, 2020 and was dismissed on July 15, 2020 for lack of prosecution. Fed. R. Ev. 201.  The Plaintiff also sued the Macon County Sheriff's Office in this Court on March 7, 2017 in Burr v. Macon County Sheriff's Office, et al., 1:17-cv-0076-FDW; however, that case relates to a separate incident.

3

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). Section 1983 claims arising in North Carolina are limited by the three-year period for personal injury actions. See N.C.G.S. § 1-52; Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n. 2 (4th Cir. 1991) (the analogous state statute of limitations most appropriate for § 1983 actions is the limitations period for personal injury actions). "[W]hen a federal statute is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well because '[i]n virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling….'"

Heimeshoff v. Hartford Life & Acc. Ins. Co., 571 U.S. 99, 116 (2013) (quoting Hardin v. Straub, 490 U.S. 536, 539 (1989)) (distinguishing actions in which there is no need to borrow a state's statute of limitations or tolling rules); see Leardini v. Charlotte-Mecklenburg Bd. of Ed., No. 3:09-cv-264-GCM, 2011 WL 1234732, at *2 (W.D.N.C. March 29, 2011) ("The Supreme Court has been clear that both the state's statute of limitations and the state's 'provisions regarding tolling, revival and equations of application' should be applied to § 1983 actions.").

The limitations period for a Section 1983 claim begins to run when the plaintiff has "a complete and present cause of action" – in other words, when he could have "file[d] suit and obtain[ed] relief." Wallace, 549 U.S. at 388 (quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)); see also CTS Corp. v. Waldburger, 573 U.S. 1, 8 (2014) ("North Carolina … has a statute of limitations that allows a person three years to bring suit for personal injury or property damage, beginning on the date that damage 'becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs.'") (quoting N.C. Gen. Stat. § 1-52(16)).

Although a court generally cannot raise the statute of limitations sua sponte because a statute of limitations argument is an affirmative defense,

5

Fed. R. Civ. P. 8, an exception to the general rule exists within the context of § 1915 review when the face of the complaint plainly reveals the existence of such defense.  See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953-54 (4th Cir. 1995).

Here, it is clear on the face of the Complaint, which addresses incidents that allegedly occurred on December 12, 2016, that it was filed well outside the three-year statute of limitations on October 2, 2021.  The Court provided Plaintiff the opportunity to address the statute of limitations before applying this obvious time-bar.

First, the Plaintiff argues that no statute of limitations applies because Mr. Prince assaulted him, and is now deceased.  [Id. at 1].  The Plaintiff has failed to explain why the statute of limitations should not apply because he was assaulted, or how Mr. Prince's death has affected the statute of limitations in any way.  See generally Wallace, 549 U.S. at 388 (a cause of action's accrual is a question of federal law, and is presumptively when the plaintiff has a complete and present cause of action); Nat'l Advertising Co., 947 F.2d at 1162 n.2.

Next, the Plaintiff appears to suggest that tolling applies under North Carolina law because he was physically and/or mentally incapacitated as a result of the incident.  [Doc. 9 at 1].  The North Carolina General Statutes

6

provide that a "person entitled to commence an action who is under a disability at the time the cause of action accrued may bring his or her action within the time limited in this Subchapter, after the disability is removed[.]" N.C. Gen. Stat. § 1-17(a); see Shreve v .Jones, No. 5:19-cv-178-FL, 2020 WL 3076603 (E.D.N.C. June 10, 2020) (applying North Carolina's disability tolling rules of a plaintiff's § 1983 claims). "For tolling in this manner, a disability must exist when the right of action accrues, because 'when the statute of limitations has begun to run, no subsequent disability will interfere with it.'" Lee v. City of Fayetteville, No. 5:16-cv-759, 2017 WL 2274970, at *7 (E.D.N.C. May 24, 2017) (quoting Battle v. Battle, 235 N.C. 499, 502, 70 S.E.2d 492, 494 (1952)). For the purposes of Section 1-17(a), an adult is "a person is under a disability if the person … is incompetent as defined in N.C. Gen. Stat. 35A-1101(7)…" that is, if he "lacks sufficient capacity to manage [his] own affairs or to make or communicate important decisions concerning [his] person, family, or property whether the lack of capacity is due to mental illness, … injury, or similar cause or condition." N.C. Gen. Stat. §§ 1-17(a), 35A-1101(7).

The Plaintiff's claim that he had "ongoing mental health problems" is too vague to demonstrate that he was mentally incapacitated at the time this action accrued. See N.C. Gen. Stat. § 35A-1101(7); Lee, 2017 WL 2274970,

7

at *7. As to his claim that he was paralyzed and sustained other physical injuries on December 12, 2016, his filing of Case No. 1:16-cv-401 on December 18, 2016 demonstrates that any disability had ended by that date. Therefore, assuming arguendo that the Plaintiff's physical injuries were sufficiently severe, the resulting disability tolled the statute of limitations for, at most, six days.

Next, the Plaintiff appears to argue that the statute of limitations was tolled under North Carolina law while his prior lawsuits addressing the incident were pending in this Court. [Doc. 9 at 1]. Under North Carolina law, the statute of limitations is tolled "when suit is *properly* instituted, and it stays tolled as long as the action is alive, [however,] the tolling stops if the suit is discontinued by operation of law because of the plaintiff's failure to keep the action alive…." Long v. Fink, 80 N.C.App. 482, 485, 342 S.E.2d 557, 559 (1986).

Here, even if the statute of limitations were tolled when the Plaintiff filed his lawsuit in Case No. 1:16-cv-401 on December 18, 2016, and remained tolled for 25 days, it then began running when that case was dismissed on January 12, 2017. More than three years and four months ran before the Plaintiff filed his lawsuit in Case No. 1:20-cv-131 on May 19, 2020. By that time, the three-year statute of limitations had expired and no time remained

8

to be tolled. Moreover, after Case No. 1:20-cv-131 was dismissed on July 15, 2020, the Plaintiff waited more than one year and two months before filing the Complaint in the instant case. Therefore, the Plaintiff's attempt to rely on tolling while his prior lawsuits were pending is rejected.

Finally, the Plaintiff appears to argue that equitable tolling is warranted. Equitable tolling is "reserved for 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" Battle v. Ledford, 912 F.3d 708, 718 (4th Cir. 2019) (quoting Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see Holland v. Florida, 560 U.S. 631, 653 (2010).

The Plaintiff's allusions to physical and emotional injuries are too vague and conclusory for the Court to conclude that equitable tolling is warranted. While the Plaintiff's refers to physical "injury" and "ongoing mental health problems," such references are too vague to demonstrate the existence of a sufficiently debilitating physical or mental condition, aside from

9

the first six days after the incident occurred, as discussed previously. See generally United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity" such as institutionalization or adjudged mental incompetence); N.C. Gen. Stat. § 35A-1101(7). Further, the Plaintiff has failed to identify the dates when these alleged disabilities arose or the length of time that they persisted. His conclusory allegations of disability are undermined by his record in this Court of filing lawsuits in December 2016, in March 2017, and in May 2020. He has failed to adequately allege that there were periods when he was so severely impaired that he was unable to timely file the instant lawsuit. The Court thus declines to apply equitable tolling to this action.

In sum, the Court finds that the Complaint is untimely on its face, and the Plaintiff has failed to come forward with any facts or legal theory under which the Complaint could be considered to be timely filed. This action will, therefore, be dismissed with prejudice as time-barred.

## IV. CONCLUSION

For the reasons stated herein, this action is dismissed with prejudice and this case will be closed.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915A and 1915(e).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: April 23, 2022

Martin Reidinger
Chief United States District Judge